UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASTON STOKES,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, WILLIAM BARR, individually and as Attorney General of the United States, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF), REGINA LOMARDO, individually and as Acting Director of ATF, THE FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY, individually and as Director of the Federal Bureau of Investigation, STATE OF CALIFORNIA, XAVIER BECERRA, individually and acting as Attorney General of the State of California, and THE SONOMA COUNTY SHERIFF'S OFFICE, MARK ESSICK, individually and as Sheriff of Sonoma County,<br><br>    Defendants. | No. C 19-04613 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

    In this constitutional challenge alleging violations of the plaintiff's right to bear arms, due process, and equal protection, federal defendants move to dismiss. Ambiguities in the Rule 12 record counsel in favor of later resolving these important issues on a more precise factual record under Rule 56.

    In 2002, plaintiff Easton Stokes voluntarily checked himself into a Kaiser treatment center because he was experiencing "significant mental changes" after ingesting psilocybin, a hallucinogenic substance found in certain mushrooms. Kaiser personnel placed plaintiff

on a psychiatric hold pursuant to California Welfare and Institutions Code Section 5150. An ambulance took him from Kaiser to Sonoma County's Psychiatric Emergency Services ("Oakcrest"). Once at Oakcrest, plaintiff was committed pursuant to a Section 5250 certification, which applies to *involuntary* psychiatric holds lasting longer than 72 hours. *See* Cal. Welf. & Inst. Code § 5250. While Oakcrest committed plaintiff under Section 5250, the complaint alleges that plaintiff remained at Oakcrest *voluntarily*. Oakcrest discharged plaintiff after 16 days. The complaint does not indicate whether plaintiff has since ingested psilocybin or other mind-altering substances, but it alleges that plaintiff has not had any mental health issues since 2002 (Compl. ¶¶ 5–6).

In 2016, plaintiff wanted to obtain a firearm permit so he could inherit his grandfather's firearms. Section 922(g)(4) of Title 18 of the United States Code makes it unlawful for an individual "who has been committed to a mental institution" to possess or receive a firearm. Regulations promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives under Section 922(g)(4) define "committed to a mental institution" to include only "involuntar[y]" commitments. 27 C.F.R. § 478.11. The Section 5250 certification underlying plaintiff's sixteen-day commitment at Oakcrest applies to persons who have "not been willing or able to accept[] treatment on a voluntary basis." Cal. Welf. & Inst. Code § 5250. In other words, because California law deems plaintiff's commitment under Section 5250 to be involuntary, he has been barred under Section 922(g)(4) from obtaining any firearm. Thus, when plaintiff submitted a Personal Firearms Eligibility Check ("PFEC") to California's Bureau of Firearms, it rejected his application. The Bureau's response did not give an explanation, but the complaint alleges that the Oakcrest commitment caused the rejection (Compl. ¶¶ 30–31).

In some states, PFEC applicants denied permits because of past commitments may appeal to have their rights restored through a "relief from disabilities" program by demonstrating to the Attorney General that they "will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." 18 U.S.C. § 925(c). Not all states have such a program. States are only required to have relief from disabilities programs if they elect to use the National Instant Criminal Background Check

2

System ("NICS") for firearm background checks and accept federal grants to improve their NICS technology. 34 U.S.C. § 40913(a), (c). California chooses to perform its own background checks, so Section 40913 does not require it to implement such a program. Thus, when plaintiff, a Californian, tried to petition his PFEC denial to the FBI's NICS Section, the Bureau declined to process the appeal. Federal law offers no other forum for plaintiff to demonstrate his mental fitness. Thus, this application of Section 922(g)(4) amounts to a lifetime firearm ban (Compl. ¶¶ 32–40), all on account of the incident 18 years ago.

Plaintiff filed this complaint in August 2019, alleging the following three claims concerning Section 922(g)(4), as applied to him: (1) a violation of his Second Amendment right to keep and bear arms, (2) a violation of the Fifth Amendment's Due Process Clause, and (3) violations of the Fourteenth Amendment's Due Process Clause and Equal Protection Clauses. Defendants have filed the instant motion to dismiss all claims. Plaintiff opposes.

The motion to dismiss is **DENIED**. This action presents important issues under the Second Amendment. Further factual development would thus be beneficial and would help the court of appeals. The record should be expanded concerning the extent to which plaintiff's commitment to Oakcrest was truly involuntary, as well as with respect to plaintiff's subsequent mental health record, criminal record, the nature of the firearms in question, and other circumstance that will bear upon his fitness to lawfully keep and bear arms.

## CONCLUSION

For the above-stated reasons, defendant's motion to dismiss is **DENIED**. Discovery should proceed for approximately ninety days until **APRIL 22, 2020**, after which the parties may move for summary judgment. Both sides shall cooperate in reasonable discovery.

**IT IS SO ORDERED.**

Dated: January 22, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE