1  XAVIER BECERRA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  JERRY T. YEN
   Deputy Attorney General
4  State Bar No. 247988
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-7836
     Fax: (916) 324-8835
7    E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for State of California and Xavier Becerra,*
8  *in his official capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASTON STOKES,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE, WILLIAM BARR, individually and as Attorney General of the United States, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF); REGINA LOMBARDO individually and as Acting Director of ATF; THE FEDERAL BUREAU OF INVESTIGATION; Christopher Wray individually and as Director of the Federal Bureau of Investigation; STATE OF CALIFORNIA, XAVIER BECERRA, individually and acting as Attorney General of the State of California, THE SONOMA COUNTY SHERIFF'S OFFICE, MARK ESSICK, individually and as Sheriff of Sonoma County,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:19-cv-04613-WHA<br><br>**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S NOTICE OF MOTION; MOTION FOR JUDGMENT ON THE PLEADINGS; POINTS OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Fed. R. Civ. P. 12 (c)]<br><br>Date:　　　　October 15, 2020<br>Time:　　　　8:00 a.m.<br>Courtroom:　12<br>Judge:　　　　Hon. William Alsup<br>Trial Date:　　December 7, 2020<br>Action Filed:　August 12, 2019 |

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2020, at 8:00 a.m., or as soon thereafter as the matter may be heard before the Honorable William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Attorney General Xavier Becerra will and hereby does move under Rule 12(c) of the Federal Rules of Civil Procedure for an order granting judgment on the pleadings in favor of the State of California and Attorney General Becerra. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other matters as may properly come before the Court.

Attorney General Becerra's motion is made on the grounds that (1) this suit against the California Attorney General is barred by the Eleventh Amendment, and (2) Plaintiff fails to establish a case or controversy against the California Attorney General as required for Article III jurisdiction.

Dated: September 10, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

/s/ Jerry T. Yen
JERRY T. YEN
Deputy Attorney General
*Attorneys for State of California and Xavier Becerra, in his official capacity as California Attorney General*

# TABLE OF CONTENTS

                                                                   **Page**

Introduction .................................................................................................................................... 1

Background .................................................................................................................................... 1

Legal Standard ............................................................................................................................... 2

Argument ....................................................................................................................................... 2

      I.      Attorney General Becerra Is Immune from Suit Under the Eleventh Amendment ................................................................................................................ 2

      II.     No Justiciable Controversy Exists Between Plaintiff and Attorney General Becerra ......................................................................................................... 4

Conclusion ..................................................................................................................................... 5

i

Defendant Attorney General Xavier Becerra's Notice of Motion; Mot. for Judgment on the Pleadings;
P. & A. in Support of Mot. for Judgment on the Pleadings (3:19-cv-04613-WHA)

# TABLE OF AUTHORITIES

**Page**

**Cases**

ACLU of Nev. v. Masto,
   670 F.3d 1046 (9th Cir. 2012)..................................................................................4

Cook Inlet Treaty Tribes v. Shalala,
   166 F.3d 986 (9th Cir. 1999)....................................................................................4

Foster v. Carson,
   347 F.3d 742 (9th Cir. 2003)....................................................................................4

Gregg v. Hawaii, Dep't of Pub. Safety,
   870 F.3d 883 (9th Cir. 2017)....................................................................................2

L.A. Branch NAACP v. L.A. Unified Sch. Dist.,
   714 F.2d 946 (9th Cir. 1983)....................................................................................4

L.A. County Bar Ass'n v. Eu,
   979 F.2d 697 (9th Cir. 1992)....................................................................................3

Long v. Van de Kamp,
   961 F.2d 151 (9th Cir. 1992)....................................................................................3

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992).................................................................................................4

Mitchell v. Los Angeles, Community College Dist.,
   861 F.2d 198 (9th Cir. 1988)....................................................................................2

Pervez v. Becerra,
   Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28,
   2019) .....................................................................................................................3, 4

Simon v. Eastern Kentucky Welfare Rights Organization,
   426 U.S. 26 (1976)...................................................................................................4

Snoeck v. Brussa,
   153 F.3d 984 (9th Cir. 1998)................................................................................2, 4

Wilbur v. Locke,
   423 F.3d 1101 (9th Cir. 2005)..................................................................................2

Ex parte Young,
   209 U.S. 123 (1908)..............................................................................................2, 3

ii

Defendant Attorney General Xavier Becerra's Notice of Motion; Mot. for Judgment on the Pleadings;
P. & A. in Support of Mot. for Judgment on the Pleadings (3:19-cv-04613-WHA)

# TABLE OF AUTHORITIES
(continued)

Page

**Statutes**

United States Code Title 18
    § 922(g)(4) .................................................................................................................. 1
    § 922(t) ....................................................................................................................... 5

California Penal Code
    § 28220(b) .................................................................................................................. 5

California Welfare & Institutions Code
    § 5250 ................................................................................................................. 1, 3, 5
    § 8103(g)(1) ............................................................................................................... 1

**Other Authorities**

Federal Rule of Civil Procedure
    Rule 12(b)(6) .............................................................................................................. 2
    Rule 12(c) ................................................................................................................... 2

United States Constitution
    Eleventh Amendment ......................................................................................... 2, 3, 4, 5

iii

Defendant Attorney General Xavier Becerra's Notice of Motion; Mot. for Judgment on the Pleadings;
P. & A. in Support of Mot. for Judgment on the Pleadings (3:19-cv-04613-WHA)

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## INTRODUCTION

A person who has been subject to a mental health hold under California Welfare & Institutions Code § 5250 (a "5250 hold") generally is prohibited under federal law from purchasing or possessing firearms. This is because federal law (18 U.S.C. § 922(g)(4)) prohibits any person "who has been adjudicated as a mental defective or who has been committed to a mental institution" from doing so.

Plaintiff Easton Stokes, who has been subject to a 5250 hold, asks this Court to declare that 18 U.S.C. § 922(g)(4) violates his constitutional rights. However, the Complaint does not request any relief from the California Attorney General. Indeed, Attorney General Becerra, as the head of the California Department of Justice (CA DOJ), is not responsible for enforcing the federal statute at issue in this case. Moreover, the CA DOJ has no ability to alter Plaintiff's mental health records nor does it have the authority to change Plaintiff's status from a "prohibited Person" so that he is able to possess a firearm under federal law. Thus, Attorney General Becerra respectfully requests that the Court grant this motion for judgment on the pleadings.

## BACKGROUND

According to the Complaint, in 2002, Plaintiff checked himself into a Kaiser facility seeking treatment for mental changes and depression. Complaint, August 12, 2019, ECF No. 1, ¶ 24. He was then transported to a local mental health treatment facility, where he stayed for 16 days. *Id.* at ¶¶ 25-26. Mr. Stokes was then subject to a 5250 hold. *See id.* at ¶ 25.

In 2016, Mr. Stokes submitted a Personal Firearms Eligibility Check to the CA DOJ. *Id.* at ¶ 30, Exhibit 3 (Declaration of Easton Stokes), at ¶ 7. He was later informed that he was ineligible to possess or purchase a firearm. *Id.*; *see also id.* at Exhibit 1 (Firearms Eligibility Notification). Under federal law, Mr. Stokes is ineligible because of the Welfare & Institutions Code § 5250 designation in his record.[1] *See* 18 U.S.C. § 922(g)(4).

---

[1] Under California law, Plaintiff is permitted to possess a firearm since it has been more than five years since he was subject to the 5250 hold. Welfare & Institutions Code § 8103(g)(1) ("No person who has been certified for intensive treatment under Section 5250 . . . shall own, possess, control, receive, or purchase, or attempt to own, possess, control, receive, or purchase, any firearm for a period of five years").

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citations and quotations omitted). The allegations of the complaint "must plausibly suggest an entitlement to relief." *Id.* "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.*

## ARGUMENT

### I. ATTORNEY GENERAL BECERRA IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT

This suit against Attorney General Becerra is barred by the Eleventh Amendment as a matter of law. The Eleventh Amendment of the United States Constitution "proscribes suit [in federal court] against state agencies regardless of the nature of the relief sought." (*Mitchell v. Los Angeles, Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).)

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000)). However, for the *Ex parte Young* exception to apply the state officer "must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."

2

*L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)).

Here, Attorney General Becerra is named as a defendant because Plaintiff generally alleges that he "is presently enforcing the laws, customs, practices, and policies complained of in this action." Compl., at ¶ 15. Nothing more than this vague allegation is set forth in the complaint. In fact, Plaintiff's complaint does not even state a cause of action against the California Attorney General nor does the complaint request any relief from the California Attorney General. *See id.* at ¶¶ 41-65.

In directing the district court to dismiss the California Attorney General on Eleventh Amendment grounds, the Ninth Circuit has stated that "there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement." *Long*, 961 F.2d at 152. No such connection exists in this case. Attorney General Becerra simply lacks the requisite enforcement connection to the allegedly unconstitutional federal statute nor does he have any authority over whether a mental health facility imposes a 5250 hold.

In a case with almost identical facts to this one, the Eastern District of California granted Attorney General Becerra's motion to dismiss because the Eleventh Amendment barred the plaintiff's claims against the California Attorney General. *Pervez v. Becerra*, Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019). Like Plaintiff in this case, the plaintiff in *Pervez* was subject to a section 5250 hold and was thus prohibited from owning a firearm under federal law. *Id.* at *1. She filed a complaint requesting an order that the CA DOJ erase, amend, or remove all records of her 5250 hold. *Id.* at *2. The court, however, found that the *Ex parte Young* exception did not apply because the CA DOJ does not direct or control the mental health facilities responsible for the imposition of a 5250 hold, and that the role of the CA DOJ is purely administrative. *Id.* at *5. Without a direct connection to the 5250 determination, the court concluded that the Eleventh Amendment barred the plaintiff's claims against the

3

California Attorney General. *Id.* at *6. This Court should reach the same conclusion here, and grant judgment on the pleadings in favor of Attorney General Becerra.

## II. NO JUSTICIABLE CONTROVERSY EXISTS BETWEEN PLAINTIFF AND ATTORNEY GENERAL BECERRA

Attorney General Becerra also moves for judgment on the pleadings because there is no controversy between Plaintiff and the California Attorney General. Article III jurisdiction requires both standing and the existence of a "case or controversy." *See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061–62 (9th Cir. 2012); *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). If "no actual or live controversy" exists between the parties, the plaintiff lacks standing to bring suit. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotations omitted). Among other things, standing requires a causal connection between plaintiff's injury and the defendant's actions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

As an initial matter, any standing analysis is unnecessary in the event the court were to find this suit barred by the Eleventh Amendment. *See Snoeck*, 153 F.3d at 988 ("Because the Eleventh Amendment bar conclusively ends this dispute we need not address the related issue of standing which the district court found plaintiffs lacked."); *L.A. Branch NAACP*, 714 F.2d at 949 n.3 ("We need not ask the district court on remand to find whether these powers and duties are sufficient to raise a justiciable case or controversy against the Governor in this case, however, since we hold below that he is immune from suit here under the Eleventh Amendment.")

Assuming the Court reaches the standing issue, Plaintiff cannot show that the CA DOJ affirmatively, or by improper omission, took any unlawful action to harm him. In other words, there is no causal connection between Plaintiff's injury (inability to possess a firearm) and any unlawful conduct by the CA DOJ. *See Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38 (1976) (finding that the plaintiffs lacked standing to challenge the IRS ruling because they could not show that their alleged injury, a denial of medical services, was traceable to the IRS ruling, rather than to the hospitals' independent action).

By statute, the CA DOJ merely receives information from medical facilities about someone being placed under a 5250 hold, and then provides that information to the federal government.

4

*See* Cal. Penal Code § 28220(b) ("The Department of Justice shall participate in the National Instant Criminal Background Check System (NICS), as described in subsection (t) of Section 922 of Title 18 of the United States Code"). The CA DOJ does not create such information (it was created by the mental health facility), and is not authorized to modify or disregard it. Even though Plaintiff may disagree with the propriety of his section 5250 hold, that disagreement has no connection to the CA DOJ and instead should be directed to the mental health facility. Moreover, if Plaintiff were to prevail in his constitutional challenge to federal law, he would receive full relief through the issuance of an injunction against the federal government. In sum, Plaintiff lacks standing to bring suit against Attorney General Becerra because no case or controversy exists with respect to the California Attorney General.

## CONCLUSION

The Eleventh Amendment bars Plaintiff from bringing this suit against the California Attorney General. Moreover, Article III jurisdiction does not exist over Attorney General Becerra in this case because there is no controversy between Plaintiff and the California Attorney General. Accordingly, Attorney General Becerra respectfully requests that the Court grant this motion for judgment on pleadings, and dismiss the California Attorney General and the State of California from this case.

Dated: September 10, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for State of California and Xavier Becerra, in his official capacity as California Attorney General*

SA2019104336/34398405.docx

5

# CERTIFICATE OF SERVICE

Case Name:  **Easton Stokes v. US DOJ, et al**       No.   **3:19-cv-04613-WHA**

I hereby certify that on September 10, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S NOTICE OF MOTION; MOTION FOR JUDGMENT ON THE PLEADINGS; POINTS OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 10, 2020, at Sacramento, California.

|  |  |
|---|---|
| Lindsey Cannan | /s/ *Lindsey Cannan* |
| Declarant | Signature |

SA2019104336
MJP - proof review.docx