XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7836
  Fax:  (916) 324-8835
  E-mail:  Jerry.Yen@doj.ca.gov
*Attorneys for State of California and Xavier Becerra,
in his official capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EASTON STOKES,**<br><br>         Plaintiff,<br><br>**v.**<br><br>**THE UNITED STATES DEPARTMENT OF JUSTICE, WILLIAM BARR, individually and as Attorney General of the United States, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF); REGINA LOMBARDO individually and as Acting Director of ATF; THE FEDERAL BUREAU OF INVESTIGATION; Christopher Wray individually and as Director of the Federal Bureau of Investigation; STATE OF CALIFORNIA, XAVIER BECERRA, individually and acting as Attorney General of the State of California, THE SONOMA COUNTY SHERIFF'S OFFICE, MARK ESSICK, individually and as Sheriff of Sonoma County,**<br><br>         Defendants. | Case No. 3:19-cv-04613-WHA<br><br>**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Fed. R. Civ. P. 12 (c)]<br><br>Date:    October 22, 2020<br>Time:    8:00 a.m.<br>Courtroom: 12<br>Judge:   Hon. William Alsup<br>Trial Date:  December 7, 2020<br>Action Filed: August 12, 2019 |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 1

    I.    The Eleventh Amendment Bars Plaintiff's Suit Against Attorney General Becerra ....................................................................................................................... 1

    II.   Plaintiff Has Not Established Standing to Bring Suit Against Attorney General Becerra ....................................................................................................................... 2

Conclusion ............................................................................................................................. 3

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) .................................................................................................. 2

*Martini E Ricci Iamino S.P.A.—Consortile Societa Agricola v. Trinity Fruit Sales Co.*
    30 F. Supp. 3d 954 (E.D. Cal. 2014) ........................................................................ 2

*Pervez v. Becerra*
    Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019) ......................................................................................................................... 2

*Wilbur v. Locke*
    423 F.3d 1101 (9th Cir. 2005) .................................................................................. 1

**STATUTES**

United States Code, Title 18
    § 922(g)(4) ................................................................................................................ 1

California Welfare & Institutions Code
    § 5250 ....................................................................................................................... 1

Welfare & Institutions Code
    § 8103(g)(1) .............................................................................................................. 3

# INTRODUCTION

The Eleventh Amendment bars Plaintiff Easton Stokes from suing the California Attorney General. The *Ex parte Young* exception to Eleventh Amendment immunity does not apply in this case because there is no enforcement connection between the California Department of Justice (CA DOJ) and the allegedly unconstitutional federal statute. Indeed, Plaintiff's complaint does not seek any relief from the California Attorney General. Moreover, Plaintiff has not established standing to sue the California Attorney General given that he fails to articulate a causal connection between his alleged injury (the inability to possess a firearm under federal statute) and any unlawful conduct by the CA DOJ. Accordingly, Attorney General Becerra respectfully requests that the Court grant his motion for judgment on the pleadings.

# ARGUMENT

## I. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S SUIT AGAINST ATTORNEY GENERAL BECERRA

As discussed in the Motion for Judgment on the Pleadings, this suit against Attorney General Becerra is barred by the Eleventh Amendment as a matter of law. There is only a limited exception to Eleventh Amendment immunity under *Ex parte Young*, 209 U.S. 123 (1908) when a plaintiff seeks prospective declaratory and injunctive relief against state officers, sued in their official capacities, for ongoing violation of federal law. *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005). Here, Plaintiff's complaint does not seek declaratory or injunctive relief against the California Attorney General.[1] Moreover, the Complaint contains no allegations that Attorney General Becerra or the CA DOJ is violating any federal laws. In an attempt to squeeze this case into the *Ex Parte Young* exception, Plaintiff's opposition now claims that the CA DOJ's failure "to make certain that 5250[2] reporting omits individuals [such as Plaintiff who allegedly sought

---

[1] Plaintiff's complaint seeks a declaration that 18 U.S.C. § 922(g)(4) – a federal law – violates his constitutional rights and to enjoin enforcement of that law against him. *See* Complaint, August 12, 2019, ECF No. 1, Prayer for Relief. As discussed in his motion, Attorney General Becerra is not responsible for enforcing 18 U.S.C. § 922(g)(4).

[2] 5250 refers to a mental health hold under California Welfare & Institutions Code § 5250.

1

treatment voluntarily and exhibited no dangerous behavior] violates federal law."[3]  Opp'n at 14. Plaintiff, however, does not specify any federal law requiring the CA DOJ to verify 5250 reporting nor does he cite any authority that the CA DOJ is responsible for a mental health facility's 5250 determination.

In fact, as another district court has found, the CA DOJ does not direct or control the mental health facilities responsible for imposing a 5250 hold, and the role of the CA DOJ is purely administrative.  *Pervez v. Becerra*, Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621, *1 (E.D. Cal. June 28, 2019).  Thus, the court concluded that the *Ex parte Young* exception did not apply.  *Id.*  Indeed, Plaintiff's opposition does not even attempt to distinguish how his case is any different from the *Pervez* case.  Accordingly, the *Ex parte Young* exception does not apply and the Eleventh Amendment bars this suit against the California Attorney General.

## II. PLAINTIFF HAS NOT ESTABLISHED STANDING TO BRING SUIT AGAINST ATTORNEY GENERAL BECERRA

Even if the Eleventh Amendment did not bar Plaintiff's suit (which it does), Plaintiff's complaint does not state a case or controversy against the California Attorney General, which is necessary to establish standing.  Plaintiff's opposition also fails to explain what dispute exists between Plaintiff and the California Attorney General.  In fact, Plaintiff provides no explanation for why the California Attorney General is even a defendant in this case.  Plaintiff simply claims that Attorney General Becerra is needed as a defendant here because Plaintiff does not have "an avenue for relief from disability" under federal law.  Opp'n at 13.  This is not enough to establish standing.  There needs to be some causal connection between Plaintiff's injury and some unlawful conduct by the CA DOJ.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiff, however, does not specify how his inability to possess a firearm under federal law is connected to

---

[3] To the extent that Plaintiff is attempting to assert a new claim against Attorney General Becerra, the deadline for amending pleadings has long passed and he should not be permitted to assert new claims at the summary judgment stage.  *See* Case Management Order, January 22, 2020, ECF No. 50, at 2 ¶ 2 (setting March 26, 2020 as the deadline to amend pleadings); *Martini E Ricci Iamino S.P.A.—Consortile Societa Agricola v. Trinity Fruit Sales Co.*, 30 F. Supp. 3d 954, 971-72 (E.D. Cal. 2014) (stating that "a plaintiff generally may not advance a new claim at the summary judgment stage") (citations omitted).

or "fairly traceable" to the CA DOJ.[4]  Thus, Plaintiff lacks standing to bring suit against Attorney General Becerra.

## CONCLUSION

The Eleventh Amendment bars Plaintiff's suit against the California Attorney General.  In addition, there is no controversy between Plaintiff and the California Attorney General and, thus Plaintiff lacks standing to bring this suit.  For the foregoing reasons and the reasons stated in his Motion for Judgment on the Pleadings, Attorney General Becerra respectfully requests that the Court grant the motion.

Dated:  October 1, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

   */s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for State of California and Xavier Becerra, in his official capacity as California Attorney General*

SA2019104336
34457993.docx

---

[4] Plaintiff correctly states that he would be permitted to own a firearm under California law.  Opp'n at 13; *see also* Welfare & Institutions Code § 8103(g)(1).  Plaintiff's inability to possess a firearm is solely due to federal law.  And, as mentioned earlier, the California Attorney General does not have enforcement authority over that law.

# CERTIFICATE OF SERVICE

Case Name:   **Easton Stokes v. US DOJ, et al**        No.    **3:19-cv-04613-WHA**

I hereby certify that on October 1, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 1, 2020, at Sacramento, California.

|  |  |
|---|---|
| Ritta Mashriqi | /s/ *Ritta Mashriqi* |
| Declarant | Signature |

SA2019104336
34458502.docx