UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EASTON STOKES,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, WILLIAM BARR, individually and as Attorney General of the United States, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF), REGINA LOMARDO, individually and as Acting Director of ATF, THE FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY, individually and as Director of the Federal Bureau of Investigation, STATE OF CALIFORNIA, XAVIER BECERRA, individually and acting as Attorney General of the State of California, and THE SONOMA COUNTY SHERIFF'S OFFICE, MARK ESSICK, individually and as Sheriff of Sonoma County,

    Defendants.

No. C 19-04613 WHA

**ORDER FOR FURTHER DISCOVERY AND DEVELOPMENT OF THE RECORD**

This action is probably foreclosed by *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020). *Mai*, however, involved a state-court adjudication involuntarily committing that would-be gun owner based on a finding of both mental illness and dangerousness. The instant action never had a state-court adjudication. Conceivably, this might make a difference. Our Attorney General of California represents that there appears to be a state court proceeding

available to plaintiff even after all these years to seek relief from the consequences of the commitment of our plaintiff eighteen years ago. He is the Attorney General and he should know. It is unclear to the undersigned judge whether any such state court proceeding is available, but we should find out.

Accordingly, to test out this possibility and give plaintiff the benefit of this relief before ruling on defendants' pending motions, plaintiff shall have **TWO WEEKS** from today to file a petition in California Superior Court for any and all such relief as may be available, including without limitation:

- the extent to which the original commitments were involuntary,
- the extent to which plaintiff willingly consented to original commitments,
- whether relief from any disability should now be granted to plaintiff based on his adult life so that he may possess the firearms in question, and
- any other relief or findings which any party in this action has suggested might be available in the superior court.

To be clear, this order does not claim that any such relief is available. But the suggestion that it is available has been spurned and has become an important point in this litigation. This order requests that the issue be decided as expeditiously as possible by the superior court and directs the parties to assist the superior court judge in expediting the litigation.

**WITHIN SEVEN CALENDAR DAYS**, all defendants within this case shall advise plaintiff's counsel, in writing, whether or not they wish to participate in litigation in state court. If any such party requests participation, then plaintiff's counsel shall join them as a defendant. Plaintiff shall have to figure out who the proper defendants are. Plaintiff's counsel is not bound by any request to be excluded.

**BY NOON ON NOVEMBER 5**, plaintiff's counsel shall file herein a declaration under oath from plaintiff that clarifies with precision the following:

1. The specific firearms in question, associated accessories such as magazines, grenade launchers, telescopic sights and ammunition.
2. The full educational resume of plaintiff.

3. The full employment history of plaintiff.

4. Any arrests and/or convictions of plaintiff.

5. Plaintiff's litigation history, including civil cases.

6. The extent to which, if at all, any employer, neighbor or other person has ever suggested to plaintiff that he is mentally or emotionally ill.

7. The full extent to which there has been any history of mental illness in his family.

8. The full extent to which, if at all, plaintiff has had any connection with gangs or persons convicted of any felony.

9. The full extent to which plaintiff has ever undergone medical or professional treatment for any form of mental or emotional problems.

10. The extent to which, if at all, plaintiff has ever been accused of domestic violence, including by a spouse, child, or a partner. This part of the declaration may be submitted under seal for the time being.

11. The names and addresses of persons plaintiff believes could vouch for his mental and emotional stability with respect to possession of firearms.

12. The extent to which plaintiff seeks to possess firearms in question for hunting, versus resale, versus target practice, versus self-protection, versus any other use. This should be done on a firearm-by-firearm basis.

13. Any other circumstances that bear upon the mental or emotional stability of the plaintiff.

**WITHIN THREE WEEKS** of this declaration, having been served and filed, defense counsel shall depose plaintiff with respect to the declaration and any other related subjects.

All parties shall have until **JANUARY 29, 2021**, to complete any other discovery. The Court would like to see all records of the fourteen-day commitment as well as the 72-hour commitment. The Court is of the view that even if Oakcrest is closed, those records could be in storage somewhere. Track them down. Do not delay. This search should be started immediately.

The parties shall supplement the record on the pending motions with respect to all of the foregoing **BY FEBRUARY 11, 2021**. If the superior court proceeding has not been completed by then, please advise. But still complete the record with respect to everything else.

**IT IS SO ORDERED.**

Dated: October 22, 2020.

　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE