DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

JULIE BIBB DAVIS (CABN 184957)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7066
    FAX: (415) 436-7169
    Julie.davis@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EASTON STOKES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | CASE NO. 19-cv-4613 WHA <br><br> **FEDERAL DEFENDANTS' RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING** |

FEDERAL DEFENDANTS' RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING
C-19-4613 WHA

0

On November 16, 2020, the Court issued an Order (Dkt. No. 74) stating the following:

> Section 478.11 of Title 27 of the Code of Federal Regulations defines terms used in the Gun Control Act. By November 22 at Noon, each party shall submit a memorandum of up to five pages explaining what effect said regulation's exclusion of "antique firearms" from the definition of "firearm" has to the Winchester rifle in this controversy.

Pursuant to that Order, Federal Defendants hereby submit the following.

An antique firearm is defined at 27 C.F.R. § 478.11 as:

> (a) Any firearm . . . manufactured in or before 1898 and (b) any replica of any firearm described in paragraph (a) . . . if such replica (1) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or (2) uses rimfire or conventional centrefire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

Plaintiff has identified one of the firearms he would like to possess as a "Winchester 1894, .30 caliber, 8 round tube magazine." Declaration of Easton Stokes submitted November 5, 2020 ("Stokes Decl.") at p. 1 (Dkt. No. 73). Plaintiff has since provided the serial number of this firearm, which is 324923.

Plaintiff testified in his deposition on November 20, 2020[1] that this gun was manufactured in 1906, and the government's research of this serial number confirmed that the gun was manufactured after 1898 and therefore falls outside of the definition of antique firearm found in 27 C.F.R. § 478.11. Additionally, this firearm is not a replica of an antique firearm. Although the gun in question is referenced as a "Winchester 1894", that does not mean that the gun was manufactured in 1894 or a replica of such a gun. Rather, the "Winchester Model 1894" was first introduced in 1894 and not discontinued until 2006, after 110 years of continuous production as a working hunting rifle. *See* Robert A. Sadowski, *Gun Trader's Guide 11* (39th ed. 2017). In addition, Plaintiff testified in his deposition that the rifle in questions uses rimfire ammunition.

///

///

///

---

[1] Once a transcript of Plaintiff's deposition is received, Federal Defendants can provide an excerpt containing the relevant testimony.

FEDERAL DEFENDANTS' RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING
C-19-4613 WHA

Accordingly, the Winchester 1894 rifle that Plaintiff would like to possess is not classified as an antique firearm under 27 C.F.R. § 478.11, and thus is not excluded from the provisions of the Gun Control Act.

Respectfully submitted,

DATED: November 21, 2020          DAVID L. ANDERSON
                                               United States Attorney

                                               By:    /s/ *Julie Bibb Davis*
                                               JULIE BIBB DAVIS
                                               Assistant United States Attorney
                                               Attorneys for Federal Defendants