1    XAVIER BECERRA
     Attorney General of California
2    ANTHONY R. HAKL
     Supervising Deputy Attorney General
3    JERRY T. YEN
     Deputy Attorney General
4    State Bar No. 247988
       1300 I Street, Suite 125
5      P.O. Box 944255
       Sacramento, CA 94244-2550
6      Telephone:  (916) 210-7836
       Fax:  (916) 324-8835
7      E-mail:  Jerry.Yen@doj.ca.gov
     *Attorneys for State of California and Xavier*
8    *Becerra, in his official capacity as California*
     *Attorney General*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

13

14   **EASTON STOKES,**                         3:19-cv-04613-WHA

15                            Plaintiff,

16          v.                                  **DEFENDANT ATTORNEY GENERAL**
                                                **XAVIER BECERRA'S SUPPLEMENTAL**
17                                              **BRIEF IN SUPPORT OF HIS MOTION**
     **THE UNITED STATES DEPARTMENT**            **FOR JUDGMENT ON THE PLEADINGS**
18   **OF JUSTICE, WILLIAM BARR,**
     **individually and as Attorney General of the**
19   **United States, THE U.S. BUREAU OF**
     **ALCOHOL, TOBACCO, FIREARMS AND**
20   **EXPLOSIVES (ATF); REGINA**               Courtroom:    12
     **LOMARDO individually and as Acting**     Judge:        Hon. William Alsup
21   **Director of AFT; THE FEDERAL**           Action Filed:  August 12, 2019
     **BUREAU OF INVESTIGATION;**
22   **Christopher Wray individually and as**
     **Director of the Federal Bureau of**
23   **Investigation; STATE OF CALIFORNIA,**
     **XAVIER BECERRA, individually and**
24   **acting as Attorney General of the State of**
     **California, THE SONOMA COUNTY**
25   **SHERIFF'S OFFICE, MARK ESSICK,**
     **individually and as Sheriff of Sonoma**
26   **County,**

27                            Defendants.

28

# TABLE OF CONTENTS

**Page**

I.   The Court Can Decide Attorney General Becerra's Motion for Judgment
     on the Pleadings Without Considering Additional Discovery or State Court
     Proceedings ........................................................................................................ 1

II.  Resolution of Plaintiff's Second Amendment Challenge Likely Resolves
     His Equal Protection and Due Process Claims ......................................................... 3

i

Defendant Attorney General Xavier Becerra's Supplemental Brief in Support
of Motion for Judgment on the Pleadings (3:19-cv-04613-WHA)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Albright v. Oliver*,
    510 U.S. 266 (1994) ........................................................................................................ 3

*Bingue v. Prunchak*,
    512 F.3d 1169 (9th Cir. 2008) ..................................................................................... 3

*Graham v. Connor*,
    490 U.S. 386 (1989) ........................................................................................................ 3

*Harris v. County of Riverside*,
    904 F.2d 497 (9th Cir. 1990) ......................................................................................... 4

*Jefferies v. Sessions*,
    278 F. Supp. 3d 831 (E.D. Pa. 2017) ......................................................................... 4

*Keyes v. Lynch*,
    195 F. Supp. 3d 702 (M.D. Pa. 2016) ........................................................................ 4

*L.A. County Bar Ass 'n v. Eu*, 979 F.2d 697 (9th Cir. 1992) .............................................. 2

*Lugar v. Edmondson Oil Co.*,
    457 U.S. 922 (1982) ........................................................................................................ 3

*Mai v. United States*,
    952 F.3d 1106 (9th Cir. 2020) ..................................................................................... 4

*Nordyke v. King*,
    681 F.3d 1041 (9th Cir. 2012) ..................................................................................... 4

*Peruta v. County of San Diego*,
    824 F.3d 919 (9th Cir. 2016) ........................................................................................ 3

*Raditch v. United States*,
    929 F.2d 478 (9th Cir. 1991) ......................................................................................... 3

*Schweiker v. Wilson*,
    450 U.S. 221 (1981) ........................................................................................................ 3

**Statutes**

United States Code, Title 18
    § 922(g)(4) ............................................................................................................. 1, 3, 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

California Welfare & Institutions Code
§ 5250......................................................................................................................... 1

Defendant Attorney General Xavier Becerra's Supplemental Brief in Support
of Motion for Judgment on the Pleadings (3:19-cv-04613-WHA)

1    Defendant Attorney General Xavier Becerra files this memorandum in response to the

2    Court's October 22, 2020 and January 26, 2021 Orders Requesting Supplemental Briefing (ECF

3    Nos. 68 and 81) and in support of his Motion for Judgment on the Pleadings (ECF No. 61).  The

4    Court asked each party to "supplement the record on the pending motions with respect to [any

5    additional discovery and Plaintiff's petition in California Superior Court]," and to "include

6    citations to relevant authorities concerning [Plaintiff's equal protection and due process claims]."

7    **I.    THE COURT CAN DECIDE ATTORNEY GENERAL BECERRA'S MOTION FOR
          JUDGMENT ON THE PLEADINGS WITHOUT CONSIDERING ADDITIONAL DISCOVERY
8         OR STATE COURT PROCEEDINGS**

9    As an initial matter, Attorney General Becerra does not believe that the additional discovery

10   or the state court proceedings should impact the analysis of his Motion for Judgment on the

11   Pleadings.  As discussed in the Motion, the Eleventh Amendment bars Plaintiff from suing the

12   California Attorney General, and, in fact, Plaintiff's complaint does not even seek any relief from

13   the California Attorney General.  ECF No. 61 at 2-4.  Moreover, Plaintiff's complaint fails to

14   establish that he has standing to sue the California Attorney General because Plaintiff's inability

15   to possess a firearm under federal law is not connected to any alleged unlawful conduct by the

16   California Department of Justice (CA DOJ).  *Id.* at 4-5.

17   It appears that the only reason Plaintiff has sued the California Attorney General is because

18   Plaintiff's mental health institution reported to the CA DOJ that Plaintiff was subject to a hold

19   under California Welfare & Institutions Code section 5250 ("5250 hold").  *See* Plaintiff's

20   Response to Motion for Judgment on the Pleadings (Response), ECF No. 63 (Sept. 24, 2020), at

21   14; *see also* Exhibit 1.  As a result of the mental health institution's 5250 hold report, Plaintiff is

22   prohibited from owning a firearm under federal law.  18 U.S.C. § 922(g)(4); Exhibit 1.  Plaintiff

23   now claims that his treatment at the mental health institution was voluntary and he should never

24   have been placed on a 5250 hold.  Response, at 5, 8, 12.

25   After this Court ordered additional discovery, Plaintiff obtained his medical records from

26   Kaiser and produced them to the defendants.[1]  ECF No. 79 (Dec. 3, 2020).  The records show

27   _____
     [1] After being seen by doctors at Kaiser, Plaintiff was transferred to Oakcrest, another
28   mental health facility.  Complaint, ECF No. 1, at ¶ 25.  The Sonoma County Department of

1

1    that, in March 2002, Plaintiff was brought to the emergency room by his foster parents for

2    "abnormal behavior," as well as "depressed and dangerous behavior."  ECF No. 79-1 at 10.  The

3    emergency room doctor also noted that Plaintiff's foster parents felt that he was a "danger to self

4    them and his friends" and was "not cooperative with [his] history."  *Id.*  Moreover, another

5    doctor's handwritten notes from Plaintiff's Psychiatric Diagnostic Intake Evaluation state that

6    Plaintiff had "hit a close friend" and "refused to discuss [the] details."  ECF No. 79 at 1.  The

7    notes from his Chemical Dependency Services Intake Summary say that he "put his hands in a

8    fire" and "punched his [] friend."  *Id.* at 7.  Those notes also state that Plaintiff was "suspicious"

9    of his treatment plan.  *Id.* at 10.  In sum, nothing in his medical records suggests that the mental

10   health facility improperly placed Plaintiff on a 5250 hold.

11          Nevertheless, Plaintiff filed a petition on November 4, 2020, in Sonoma County Superior

12   Court challenging his 5250 hold.[2]  *See* Plaintiff's Response to October 22nd Order, ECF No. 73

13   (Nov. 5, 2020) at 40-60.  If Plaintiff prevails in his challenge, then the superior court could order

14   the mental health facility to remove the 5250 hold from his record.  *See, e.g.*, Exhibit 3 (mental

15   health facility notifying the CA DOJ that a 5250 hold was reported in error).  Thus, it is clear that

16   the CA DOJ's role with respect to Plaintiff's 5250 hold is clearly administrative, and the Eleventh

17   Amendment bars Plaintiff's suit against the California Attorney General.  *See L.A. County Bar*

18   *Ass 'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (stating that "a generalized duty to enforce state

19   law . . . will not subject an official to suit.")  Accordingly, the Court should grant Attorney

20   General Becerra's Motion for Judgment on Pleadings.

21

22

23

24   _____

      Public Health has confirmed that those records no longer exist because Plaintiff's treatment
25    occurred more than ten years ago.  *See* Exhibit 2.

26          [2] Pursuant to the Court's order (ECF No. 68), the California Attorney General advised
      Plaintiff that he did not wish to participate in the state court action.  Although it appears that the
27    California Attorney General has been named as a defendant in that action (ECF No. 73 at 40), the
      California Attorney General has not been served yet with the complaint and summons.

28

1

2

## II.   RESOLUTION OF PLAINTIFF'S SECOND AMENDMENT CHALLENGE LIKELY RESOLVES HIS EQUAL PROTECTION AND DUE PROCESS CLAIMS

3

4

5

6

7

With respect to Plaintiff's equal protection and due process claims, Plaintiff asserts both the Fifth and Fourteenth Amendments.[3]  Complaint, ECF No. 1, at ¶¶ 49, 55.  However, because Plaintiff's complaint challenges the constitutionality of a federal law – 18 U.S.C. § 922(g)(4), the Fourteenth Amendment does not apply in this case.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923–24 (1982) (Fourteenth Amendment only applies to state action).

8

9

10

11

12

13

With respect to Plaintiff's Fifth Amendment claims, those claims are directed at the Federal Defendants and are based on his Second Amendment challenge to federal law prohibiting him from possessing a firearm.  *See* Complaint, ECF No. 1, at ¶¶ 48-53; *see also Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("The Fifth Amendment's due process clause only applies to the federal government").  Thus, the Federal Defendants are best positioned to provide the relevant authorities regarding those claims.

14

15

16

17

18

19

20

21

22

23

24

However, the California Attorney General notes that resolution of Plaintiff's Second Amendment claim would likely resolve his equal protection and due process claims.  *See Albright v. Oliver*, 510 U.S. 266, 274 (1994) (stating that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Peruta v. County of San Diego*, 824 F.3d 919, 942 (9th Cir. 2016) (en banc) (holding that equal protection and due process claims were "derivative" of the Second Amendment claims and that resolution of the Second Amendment question "necessarily resolves" those "derivative claims").  More specifically, if Plaintiff's Second Amendment challenge were successful, then his equal protection and due process claims would be redundant.  If his Second Amendment

25

26

27

28

_____

[3] The equal protection and due process principles are the same under the Fifth and Fourteenth Amendments.  *See Schweiker v. Wilson*, 450 U.S. 221, 227 n. 6 (1981) (stating that "the Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment"); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) (noting that the due process principles are the same under both the Fourteenth Amendment and the Fifth Amendment).

3

challenge fails, then his equal protection and procedural due process claims would also fail.  His

equal protection claim fails because this case does not involve a suspect classification and rational

basis review applies.  *See Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc)

(stating that rational basis scrutiny applies to the plaintiffs' equal protection claim when the

challenged law is found not to violate the First or Second Amendment and the law does not

involve a suspect classification).  Here, the rational basis standard would be met because the

purpose of 18 U.S.C. § 922(g)(4) is related to a legitimate government interest.  *See Mai v. United

States*, 952 F.3d 1106, 1116 (9th Cir. 2020) (agreeing that preventing crime and suicide are

legitimate interests supporting 18 U.S.C. § 922(g)(4).)  As for Plaintiff's procedural due process

claim, courts must first determine whether the government action is even "the type . . . to which

due process applies."  *Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990).  In the

context of 18 U.S.C. § 922(g)(4), courts have concluded that procedural due process principles do

not apply.  *Keyes v. Lynch*, 195 F. Supp. 3d 702, 723 (M.D. Pa. 2016) (rejecting the plaintiff's

"contention that he deserved some kind of hearing before or after being subjected to the disability

under § 922(g)(4)" because "the statute subsection is clear that anyone who has been committed

for mental health is subject to it; thus a hearing on whether the plaintiff is still dangerous is not in

fact relevant"); *Jefferies v. Sessions*, 278 F. Supp. 3d 831, 846 (E.D. Pa. 2017) (agreeing with the

district court's rationale in *Keyes* that there is no procedural due process right before applying

§ 922(g)(4) to the plaintiff.  Accordingly, an individual does not have a right to a hearing prior to

deprivation or post-deprivation of his Second Amendment right under 18 U.S.C. § 922(g)(4).  *See

id*.

4

1    Dated:  March 15, 2021                           Respectfully Submitted,

2                                                     XAVIER BECERRA
                                                      Attorney General of California
3                                                     ANTHONY R. HAKL
                                                      Supervising Deputy Attorney General
4

5

6                                                     */s/ Jerry T. Yen*
                                                      JERRY T. YEN
7                                                     Deputy Attorney General
                                                      *Attorneys for State of California and Xavier*
8                                                     *Becerra, in his official capacity as*
                                                      *California Attorney General*
9    SA2019104336
     34917007.docx
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28