1  ROB BONTA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  JERRY T. YEN
   Deputy Attorney General
4  State Bar No. 247988
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 210-7836
    Fax: (916) 324-8835
7   E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for State of California and Rob Bonta, in*
8  *his official capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASTON STOKES, | 3:19-cv-04613-WHA |
| Plaintiff, | **DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| THE UNITED STATES DEPARTMENT OF JUSTICE, WILLIAM BARR, individually and as Attorney General of the United States, THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF); REGINA LOMBARDO individually and as Acting Director of ATF; THE FEDERAL BUREAU OF INVESTIGATION; Christopher Wray individually and as Director of the Federal Bureau of Investigation; STATE OF CALIFORNIA, ROB BONTA, individually and acting as Attorney General of the State of California, THE SONOMA COUNTY SHERIFF'S OFFICE, MARK ESSICK, individually and as Sheriff of Sonoma County, | Date: June 17, 2021<br>Time: 8:00 a.m.<br>Courtroom: Remote<br>Judge: Hon. William Alsup<br>Trial Date: None Set<br>Action Filed: August 12, 2019 |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................................................................. 1

Argument .................................................................................................................................... 1

    I.    Plaintiff Concedes That This Suit Cannot Be Brought Against the California Attorney General ............................................................................... 1

    II.    Sovereign Immunity Bars Plaintiff's Suit Against the California Attorney General ................................................................................................. 2

    III.    Plaintiff Does Not Have Standing to Bring Suit Against the California Attorney General ........................................................................................... 2

Conclusion .................................................................................................................................. 3

# TABLE OF AUTHORITIES

**<u>Page</u>**

**CASES**

*Bolbol v. City of Daly City*
   754 F.Supp.2d 1095 (N.D. Cal. 2010) .................................................................................. 1

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) .............................................................................................................. 3

*Pervez v. Becerra*
   Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019) ................................................................................................................................... 2

*Tatum v. Schwartz*
   No. S–06–01440 DFL EFB, 2007 WL 419463 (E.D. Cal. Feb. 5, 2007) ............................ 1

*Walsh v. Nev. Dep't of Human Resources*
   471 F.3d 1033 (9th Cir. 2006) .............................................................................................. 1

*Wilbur v. Locke*
   423 F.3d 1101 (9th Cir. 2005) .............................................................................................. 2

*Ex parte Young*
   209 U.S. 123 (1908) .............................................................................................................. 2

**STATUTES**

California Welfare & Institutions Code
   § 5250 ..................................................................................................................................... 2

## INTRODUCTION

This suit challenges the constitutionality of a federal law, not a California law, that prohibits Plaintiff from owning firearms. Because it does not involve California law, sovereign immunity and lack of standing bar Plaintiff's suit against the State of California and the California Attorney General. These legal defects are not even addressed in Plaintiff's Opposition to the Defendants' Motion for Summary Judgment (ECF No. 95). Accordingly, the California Attorney General respectfully requests that the Court grant his Motion for Summary Judgment.

## ARGUMENT

### I. PLAINTIFF CONCEDES THAT THIS SUIT CANNOT BE BROUGHT AGAINST THE CALIFORNIA ATTORNEY GENERAL

The California Attorney General's Motion for Summary Judgment (ECF No. 89) raises two legal arguments – sovereign immunity and lack of standing – for why Plaintiff cannot maintain his lawsuit against the State of California or the California Attorney General. Plaintiff's opposition (ECF No. 95) does not address either argument. Failure to respond to the California Attorney General's summary judgment arguments concedes those arguments. *See Bolbol v. City of Daly City*, 754 F.Supp.2d 1095, 1115 (N.D. Cal. 2010) ("[P]laintiff fails to address this issue in her opposition brief and apparently concedes that she may not proceed on this claim. Accordingly, the court grants summary judgment in favor of defendants as to this claim"); *see also Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, it was "effectively abandoned" and could not be raised on appeal); *Tatum v. Schwartz*, No. S–06–01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (holding that the plaintiff "tacitly concede[d]" that her claim should be dismissed by failing to address the defendants' Eleventh Amendment argument in her opposition, and granting the defendants' motion to dismiss that claim). So, the Court should grant summary judgment in favor of the California Attorney General.

## II. SOVEREIGN IMMUNITY BARS PLAINTIFF'S SUIT AGAINST THE CALIFORNIA ATTORNEY GENERAL

As discussed in his Summary Judgment Motion, the Eleventh Amendment bars this suit against the California Attorney General as a matter of law. There is only a limited exception to Eleventh Amendment immunity under *Ex parte Young*, 209 U.S. 123 (1908) when a plaintiff seeks prospective declaratory and injunctive relief against state officers, sued in their official capacities, for ongoing violation of federal law. *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005). Here, Plaintiff fails to provide any evidence or make any argument that the California Attorney General is violating any federal laws. *See* Plaintiff's Opposition (ECF No. 95). Thus, any claims that Plaintiff may have against the California Attorney General are barred by sovereign immunity.

To the extent that Plaintiff believes the California Attorney General can correct any alleged errors in his mental health records, Plaintiff fails to provide any authority for such a proposition. The California Attorney General does not participate in the certification of a person for involuntary treatment under California Welfare & Institutions Code § 5250 (a "5250 hold"). *See* Gilbert Mac Declaration (ECF No. 89-1), at ¶ 8, 14. Indeed, as another district court stated, "under California law neither the Attorney General nor any other DOJ employee directs or controls the mental health facilities responsible for the imposition of a section 5250 hold in the first instance" and that "the role of the DOJ in this statutory system is purely administrative, without an enforcement function." *Pervez v. Becerra*, Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621, *1 (E.D. Cal. June 28, 2019). Accordingly, the Court should find that sovereign immunity applies and grant summary judgment in favor of the California Attorney General.

## III. PLAINTIFF DOES NOT HAVE STANDING TO BRING SUIT AGAINST THE CALIFORNIA ATTORNEY GENERAL

Even if the Eleventh Amendment did not bar Plaintiff's suit (which it does), Plaintiff's complaint does not state a case or controversy against the California Attorney General, which is necessary to establish standing. Plaintiff's opposition provides no explanation for why the California Attorney General is even a defendant in this case. There needs to be some causal

1  connection between Plaintiff's injury and some unlawful conduct by the California Attorney
2  General.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiff, however, does
3  not specify how his inability to possess a firearm under federal law is connected to or "fairly
4  traceable" to the Attorney General.  Thus, Plaintiff lacks standing to bring suit against the
5  California Attorney General.

## CONCLUSION

Sovereign immunity and lack of standing foreclose this suit against the State of California and the California Attorney General.  Indeed, the California Attorney General's involvement in this case is completely unnecessary.  Plaintiff fails to present any arguments to the contrary.  For the foregoing reasons and the reasons stated in the California Attorney General's Motion for Summary Judgment, the Court should grant the motion and enter judgment in favor of the California Attorney General and the State of California.

Dated:  June 7, 2021

Respectfully Submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


　　　　*/s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for State of California and Rob Bonta, in his official capacity as California Attorney General*

SA2019104336/35167056

# CERTIFICATE OF SERVICE

Case Name:   **Easton Stokes v. US DOJ, et al**     No.   **3:19-cv-04613-WHA**

I hereby certify that on June 7, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 7, 2021, at Sacramento, California.

|  |  |
|---|---|
| Lindsey Cannan | /s/ *Lindsey Cannan* |
| Declarant | Signature |

SA2019104336
35167188