STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

JULIE BIBB DAVIS (CABN 184957)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Julie.davis@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EASTON STOKES, | CASE NO. 3:19-cv-04613 WHA |
|    Plaintiff, | **FEDERAL DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** |
|    v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | Judge: Hon. William Alsup<br>Date:  June 17, 2021<br>Time: 8:00 a.m.<br>Location: Remote |
|    Defendant. | |

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT
NO. 3: 19-CV-04613  WHA

0

## INTRODUCTION

Plaintiff Easton Stokes ("Plaintiff") has filed an opposition to Federal Defendants' cross-motion for summary judgment. Dkt. No. 95. Plaintiff's opposition suffers from the same deficiencies as his opening brief (Dkt. No. 90) and wholly fails to address the arguments set forth at length in Federal Defendants' previous briefing. Dkt. Nos. 88 & 96. First, in his discussion of the facts of this matter, Plaintiff does not make a single citation to the record, nor does he address Federal Defendants' citations to the record, including Plaintiff's own sworn testimony, which confirms that Plaintiff's commitment was involuntary both factually and legally. Dkt. No. 95 at pp. 5-6, 8-9. Second, Plaintiff mischaracterizes the controlling caselaw, which confirms that where robust judicial proceedings are available, as they were here, the requirements of section 922(g)(4) are met. Finally, in arguing that his equal protection rights are being violated, Plaintiff does not cite to a single case. Dkt. No. 95 at p. 10. Moreover, he does not address the multiple cases cited by Federal Defendants establishing that where, as here, the regulations at issue survive an intermediate level of scrutiny (*see Mai v. United States*, 952 F.3d 1106, 1120-21 (9th Cir. 2020)), they must by definition survive a challenge under the lesser rational basis scrutiny. *See, e.g.*, *National Rifle Association v. McGraw*, 719 F.3d 338, 349-50 (5th Cir. 2013). Therefore, Plaintiff's cross-motion for summary judgment should be denied, and summary judgment should be granted to Federal Defendants on all claims.

## ARGUMENT

### I. PLAINTIFF'S COMMITMENT WAS INVOLUNTARY AS A MATTER OF LAW AND FACT

As Federal Defendants have demonstrated at length in their previous briefing, Plaintiff's section 5250 commitment was involuntary as a matter of fact and law. Plaintiff makes conclusory statements to the contrary that he does not support with citations to the record; nor does he address the significant record evidence that contradicts his claims. For example, Plaintiff states once again (without citation) that "[a]t no time before, during or after his visit to the institution did Mr. Stokes exhibit any violent actions to himself or others." Dkt. No. 95 at p. 6. Plaintiff's intake form, however, states that he exhibited both self-harm and violence towards others. Dkt. No. 79 at 7. Specifically, Plaintiff punched a

friend and put his own hands into a fire. *Id.* In addition, the report from the emergency room physician who initially saw Plaintiff states that Plaintiff's "foster parents . . . feel pt [patient] is a danger to self, them and his friends." Dkt. No. 79-1 at 10.

Plaintiff once again maintains that he voluntarily checked himself into a mental institution for an examination, while his deposition under oath and the intake documents confirm that four adults drove him to Kaiser because he "was scared and didn't have a good perspective of reality." Stokes Depo. at 104. Those adults subsequently stated that they believed Plaintiff was a danger to themselves, to himself and to others. Dkt. No. 79-1 at 10. Plaintiff also testified: "I was in really a bad, a very challenging emotional state. I didn't really understand what was going on. I just knew that I wasn't well, I wasn't sleeping, and I was scared." *Id.* at 105. Plaintiff also repeatedly testified that he simply did not remember what had happened after he took drugs and was taken to Kaiser and subsequently to Oakcrest. Stokes Depo. at 103, 110, 111. Specifically, he described being "very confused and disoriented" and stated that he did not recall the evaluation process. *Id.* at 110-11.

In sum, at the time of his commitment, Plaintiff exhibited a danger to himself and others such that a section 5250 involuntary commitment was warranted under California law. Furthermore, Plaintiff testified under oath that he was aware that his commitment was involuntary, and has conceded that he was committed pursuant to a section 5250 involuntary commitment, making his commitment involuntary as a matter of law. Complaint at ¶ 25. While Plaintiff argues – again without citation to the record – that he was voluntarily seeking care, he testified under oath that he knew he could not leave the facility without a court hearing. Stokes Depo. at 121-22. Accordingly, this Court should find that Plaintiff's commitment was involuntary.

### II. PLAINTIFF WAS AWARE OF, YET DECLINED TO UTILIZE, THE ROBUST JUDICIAL PROCEEDINGS THAT WERE AVAILABLE TO HIM AT THE TIME OF HIS COMMITMENT

As Federal Defendants discussed at length in earlier briefs, the Lanterman-Petris-Short Act, Cal. Welf. & Inst. Code §§ 5000 et seq., pursuant to which Plaintiff was involuntarily committed, provides for the right to a judicial hearing, at the request of either a committed person or a person acting on his or her behalf. Moreover, this right to a judicial hearing is available at any time during the involuntary

1  commitment. Cal. Welf. & Inst. Code § 5275, et seq. Here, Plaintiff testified under oath that he was
2  specifically told of his right to a judicial hearing, that he knew a judicial hearing was required in order
3  for him to leave the facility, and that he nonetheless opted not to utilize the judicial proceedings
4  available to him. Stokes Depo. at 116-17, 121-22. In addition, as State Defendants have pointed out,
5  there is a legal presumption that the applicable law has been followed. *See* Cal. Civ. Code § 3548;
6  *United States v. Norton*, 97 U.S. 164, 168 (1877). Plaintiff has not rebutted this presumption by
7  presenting any evidence or records tending to show that the applicable laws were not complied with;
8  indeed, the available medical records and the reporting of the section 5250 hold to the California
9  Department of Justice all support a conclusion that Plaintiff's commitment was involuntary, and that the
10  involuntary commitment was properly reported to the relevant agency.

11  In sum, the reason a court proceeding did not take place at the time of Plaintiff's involuntary
12  commitment is because he *chose* not to seek any type of judicial review of the 5250 certification. Stokes
13  Depo. at 116-17, 121-22. Moreover, the Ninth Circuit has concluded that one may give up a right to
14  available judicial review by choosing not to pursue such review. *Misischia v. Pirie*, 60 F.3d 626, 629
15  (9th Cir. 1995). Plaintiff's failure to use the procedures available to him under California law at the time
16  can hardly create a constitutional problem now, particularly where, as Federal Defendants have detailed,
17  there is no evidence in the record that Plaintiff's commitment was anything other than involuntary.

18  The availability of these robust judicial proceedings satisfies the requirements of section
19  922(g)(4). In stating that "state-law procedures that lack robust judicial involvement do not qualify as
20  commitments for purposes of § 922(g)(4)," 952 F.3d at 1110, the *Mai* Court cited *United States v.*
21  *Rehlander*, 666 F.3d 45 (1st Cir. 2012). In *Rehlander*, the First Circuit held that Maine's emergency
22  commitment procedure at issue did not meet the requirements of a "commitment" under section
23  922(g)(4) because – in contrast to California's statutory scheme – it did not allow for substantive judicial
24  review. *Id.* at 48. The *Rehlander* Court emphasized that the "*right* to offer and test evidence if facts are
25  in dispute, is required", *id.* (emphasis added), and here Plaintiff had such a right that he declined to
26  exercise. Stokes Depo. at 116-17, 121-22. Notably, neither the *Mai* Court nor the *Rehlander* Court held
27  that a person subject to an involuntary commitment has a non-waivable right to a judicial proceeding,

28
FEDERAL DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT
NO. 3: 19-CV-04613  WHA

3

and indeed, Plaintiff has pointed to no court so holding. Instead, the Ninth Circuit referred to "state-law procedures", while citing to a case that involved the non-availability of substantive review under the relevant state law. Had the Ninth Circuit intended to hold that an actual judicial hearing could not be declined under any circumstances, it could have said so, but it did not. In sum, the upshot of Plaintiff's contention is that a person who was involuntarily committed could avoid the restriction of section 922(g)(4) simply by declining a judicial hearing. There is nothing in the statute or caselaw that suggests such a result.

Importantly, the Ninth Circuit repeatedly made it clear that section 922(g)(4) as a whole was "a reasonable fit for the congressional goal of reducing gun violence" and that the statute itself was limited to "those who were found, through procedures satisfying due process, *actually* dangerous in the past." *Mai*, 952 F.3d at 1121. Furthermore, in assessing its constitutionality, the Ninth Circuit found section 922(g)(4) to be more narrowly tailored than other lifetime prohibitions, and confirmed that its holding addressed section 922(g)(4)'s "prohibition on those who [like Plaintiff] 'have been committed to a mental institution.'" *Id.* Here, pursuant to procedures detailed in California law, Plaintiff was subject to an involuntary commitment, which applies only to those persons who are "a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst. Code § 5250(a). California law provided Plaintiff with an opportunity to obtain a judicial proceeding as part of that involuntary commitment, which he declined. Nothing in *Mai* suggests that Plaintiff Stokes should be treated differently than the plaintiff in that case. *See also Phelps v. Bosco*, 711 Fed. Appx. 63, 64-65 (2d Cir. 2018) (finding that the plaintiff's commitment was a prohibiting event under section 922(g)(4) even though – as here – the plaintiff had ultimately chosen not to pursue the available judicial review).

Finally, Plaintiff has averred that he is challenging his 5250 commitment in state court, and that the state court has still not rendered a decision. However, Plaintiff has cited to no caselaw establishing that he is entitled to raise a collateral attack on his state-law commitment in federal court prior to a state court decision on that issue, and he should not be permitted to do so. *See, e.g.*, *United States v. McIlwain*, 772 F.3d 688, 698 (11th Cir. 2014) (a plaintiff is not entitled "to a collateral attack in federal court on a commitment he did not – and has not in any way – challenged in the state court.").

### III. PLAINTIFF'S EQUAL PROTECTION AND DUE PROCESS ARGUMENTS IGNORE THE APPLICABLE LAW

Plaintiff argues, without citation to any caselaw, that his inability to appeal his section 922(g)(4) prohibition is an impermissible violation of his equal protection rights, as well as his procedural and substantive due process rights. All of Plaintiff's unsupported arguments are meritless. To begin with, Plaintiff's newly-stated reliance on the Privileges and Immunities Clause is misplaced, as the "the Privileges and Immunities Clause has been construed as a limitation on the powers of the States, not on the powers of the federal government", and thus is not applicable here. *State of Nev. v. Watkins*, 914 F.2d 1545, 1555 (9th Cir. 1990).

As to the remainder of Plaintiff's assertions, Federal Defendants have demonstrated at length in their earlier briefing (Dkt. No. 84 at pp. 4-10; Dkt. No.88 at pp. 19-25; Dkt. No. 96 at pp. 7-9), that when, as here, a law assessed under an enumerated rights challenge withstands strict or intermediate scrutiny, the law will also survive an equal protection challenge applying rational basis review. *See, e.g.*, *Kwong v. Bloomberg*, 723 F.3d 160, 170 n.19 (2d Cir. 2013) (citing authority) (explaining that where a litigant asserts corresponding Second Amendment and equal protection claims, and the Second Amendment claim fails, "courts have applied 'rational basis' review to Equal Protection claims on the theory that the Second Amendment analysis sufficiently protects one's rights"); *Nordyke v. King*, 681 F.3d 1041,1043 n.2 (9th Cir. 2012) (en banc) ("As to the Nordykes' equal protection claim, because the ordinance does not classify shows or events on the basis of a suspect class, and because we hold that the ordinance does not violate either the First or Second Amendments, rational basis scrutiny applies."). In addition, Federal Defendants have demonstrated that Plaintiff's substantive and procedural due process claims must fail. *See, e.g.*, *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (holding that a substantive due process challenge is redundant where, as here, it is brought along with an enumerated rights challenge); *Jefferies v. Sessions*, 278 F. Supp. 3d 831, 846-47 (E.D. Pa. 2017) (dismissing a plaintiff's claim that section 922(g)(4) violated his Second Amendment rights, dismissing his "equal protection claim under the Fourteenth Amendment", and finding that plaintiff "does not have a Fifth Amendment right to procedural due process before the United States applies § 922(g)(4) to him because of his involuntary

commitment.")

In *Mai*, the Court found that even without a forum to challenge a section 922(g)(4) ban, "§ 922(g)(4) nevertheless remains a reasonable fit for the congressional goal of reducing gun violence" and thus satisfies intermediate scrutiny review under the Second Amendment. *Mai*, 952 F.3d at 1111, 1120-21. Statutes making distinctions among residents of different states are subject to rational basis review. *See, e.g.*, *Matsuo v. United States*, 532 F. Supp. 2d 1238, 1248 (D. Haw. 2008), *aff'd* 586 F.3d 1180 (9th Cir. 2009). Because the lack of a relief from termination of rights under section 922(g)(4) survives constitutional challenge under intermediate scrutiny, *Mai*, 952 F.3d at 1111, it must by definition survive a challenge under the lesser rational basis scrutiny applied to equal protection claims such as Plaintiff's. Judgment should therefore be granted to Federal Defendants on Plaintiff's equal protection and due process claims.

### IV. CONCLUSION

For the foregoing reasons, along with the record in this matter and the previous briefing, Plaintiff's cross-motion for summary judgment should be denied and Federal Defendants should be granted summary judgment on all of Plaintiff's claims.

Respectfully submitted,

DATED: June 7, 2021                     STEPHANIE M. HINDS
                                        Acting United States Attorney

                                        By:     /s/ *Julie Bibb Davis*
                                        JULIE BIBB DAVIS
                                        Assistant United States Attorney
                                        Attorneys for Federal Defendants