STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

JULIE BIBB DAVIS (CABN 184957)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7066
    FAX: (415) 436-7169
    Julie.davis@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EASTON STOKES, | CASE NO. 19-cv-4613 WHA |
|     Plaintiff, | **FEDERAL DEFENDANTS' RESPONSE TO DOCKET NUMBER 104** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | |
|     Defendants. | |

FEDERAL DEFENDANTS' RESPONSE TO DOCKET NUMBER 104
C-19-4613 WHA

0

On July 14, 2021, the Court issued an Order (Dkt. No. 104) requesting that Federal Defendants respond to the issue of whether the affirmative defense of waiver has been preserved.  Respectfully, Federal Defendants are uncertain as to the question regarding an answer and an affirmative defense of waiver in this litigation.  As they were permitted to do, Federal Defendants filed a motion to dismiss in lieu of an answer.  Dkt. No. 34; Fed. R. Civ. Pro. 12(b).  The Court subsequently denied that motion, and ordered the parties to engage in discovery, after which time they were permitted to move for summary judgment.  Dkt. No. 49.  Federal Defendants subsequently filed a motion for summary judgment (Dkt. No. 60) and, pursuant to Court orders, supplemental summary judgment briefing (Dkt. Nos. 77 and 84), and cross-motions for summary judgment (Dkt. Nos. 86, 96, and 98).

To the extent that the Court is referring to Plaintiff's failure to challenge his involuntary commitment under California law, Plaintiff admitted in his Complaint (Dkt. No. 1) that he did not seek judicial review of his 5250 certification, which he was entitled to do under California law in order to challenge his commitment.  Complaint at ¶ 25.  Plaintiff's Complaint did not deny that he was therefore subject to an involuntary psychiatric hold under the law (although he subsequently argued that his commitment was in fact voluntary), so the fact that Plaintiff was subject to a section 5250 hold that he did not challenge was conceded in Plaintiff's Complaint.  *Id.* at 24-26, 45.  Plaintiff confirmed these facts in his sworn testimony as well.  Stokes Depo. at 116017, 121-22.  Therefore, Plaintiff's arguments about voluntariness or the nature of his state law commitment are contradicted by his Complaint and his own sworn testimony.

To the extent the Court is referring to Federal Defendants' statement in their cross-motion reply brief (Dkt. No. 98) that: "Notably, neither the *Mai* Court[1] nor the *Rehlander* Court held that a person subject to an involuntary commitment has a non-waivable right to a judicial proceeding," Federal Defendants confirm that they were addressing the issue of whether the availability of robust judicial proceedings satisfied the legal requirements of section 922(g)(4), and not asserting an affirmative equitable defense of waiver.  Federal Defendants continue to maintain that the statutory structure of

---

[1] The decision of the *Mai* Court, and its statement regarding robust judicial proceedings, was issued on March 11, 2020. *Mai v. United States,* 952 F.3d 1106, 1110 (9th Cir. 2020).

FEDERAL DEFENDANTS' RESPONSE TO DOCKET NUMBER 104
C-19-4613 WHA

California law (Lanterman-Petris-Short Act, Cal. Welf. & Inst. Code §§ 5000 et seq.), pursuant to which Plaintiff was involuntarily committed, meets the requirements of section 922(g)(4). Plaintiff was entitled to a judicial hearing at any time during his commitment and aware of that fact; Federal Defendants did not and are not arguing that they have an affirmative equitable defense of waiver based on Plaintiff's failure to use the procedures available to him. Rather, Federal Defendants argued and continue to maintain that Plaintiff's failure to use the procedures available under California law does not create a constitutional problem such that Plaintiff is now entitled to the relief he seeks from this Court. *See* Dkt. Nos. 86, 96, and 98.

Respectfully submitted,

DATED: July 16, 2021

STEPHANIE M. HINDS
Acting United States Attorney

By:    /s/ *Julie Bibb Davis*
JULIE BIBB DAVIS
Assistant United States Attorney
Attorneys for Federal Defendants

FEDERAL DEFENDANTS' RESPONSE TO DOCKET NUMBER 104
C-19-4613 WHA